1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   United States,                                   No. 2:17-cv-01102 KJM SCR

12                          Plaintiff,                ORDER

13          v.

14   Approximately $745,355.00 in U.S. Currency,

15                          Defendant.

16

17          As noted more fully below, the court **dismisses** Jamie Richardson's claim for failure to

18   follow the court's rules.

19          On May 26, 2017, the government filed a complaint for forfeiture alleging Richardson

20   obtained the subject property identified in the complaint in exchange for a controlled substance

21   and "used and intended [it] to be used to commit or facilitate a violation of 21 U.S.C. §§ 841

22   . . . ." Compl. at 4, ECF No. 1.  On June 30, 2017, Richardson filed a claim with respect to the

23   subject property.  *See* Richardson Claim, ECF No. 12.  On July 17, 2017, Richardson answered

24   the government's complaint and demanded a jury trial.  *See* ECF No. 16.  On August 14, 2017,

25   the court stayed the case pending the resolution of a related criminal case against Richardson.  *See*

26   ECF No. 18.  On June 3, 2024, the parties filed a joint status report, informing the court

27   Richardson's related criminal case had resolved by way of a plea agreement.  *See* ECF No. 19.

28   As a consequence, the court lifted the stay.  *See* Min. Order (June 6, 2024), ECF No. 20.  On

                                              1

1    October 24, 2024, the court issued the scheduling order for this case.  *See* ECF No. 31.  On

2    November 5, 2024, the court granted the motion of Richardson's counsel, Johnny L. Griffin, to

3    withdraw from the case.  *See* ECF No. 34.  The court served the order upon Richardson, now

4    appearing *pro se*, but the order was returned as undeliverable.  The court ordered Richardson to

5    update his address with the court by March 20, 2025.  Richardson did not update his address with

6    the court.  On June 3, 2025, the government filed a notice with the court that it had served its first

7    set of special interrogatories upon Richardson and provided the court with several of

8    Richardson's last known addresses as well as the address of Richardson's probation officer.  *See*

9    Notice at 1–2, ECF No. 35.  On June 11, 2025, the court served the scheduling order and the

10   order granting Griffin's withdrawal from the case upon Richardson at the addresses provided by

11   the government and ordered Richardson to update his address with the court within fourteen days.

12   *See* Min. Order, ECF No. 36.[1]  As of this writing, Richardson still has not updated his address

13   with the court.

14        The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

15   apply to this action as it is an *in rem* civil forfeiture proceeding.  *See generally* Compl.

16   Nevertheless, the Ninth Circuit has held the Federal Rules of Civil Procedure apply "to the extent

17   they are not inconsistent with the Supplemental Rules."  *United States v. $40,000*, No. 14-0229,

18   2015 WL 4276205, at *5 (D. Nev. July 14, 2015) (citing *United States v. $133,420 in U.S.*

19   *Currency*, 672 F.3d 629, 635 (9th Cir. 2012)).  One such applicable rule is Rule 83, which

20   recognizes the inherent power of the court to control its own docket.  *See* Fed. R. Civ. P. 83(b)

21   ("A judge may regulate practice in any manner consistent with federal law, rules adopted under

22   28 U.S.C. §§ 2072 and 2075, and the district's local rules.").  Specifically, judges may draw on

23   their inherent powers to dismiss an action or, as in this instance, a claim, with prejudice for failure

24   to prosecute, or failure to abide by the local rules of this District or the orders of the court.  *See,*

25   *e.g., United States v. Real Property Located at 2855 Peter Street in Honolulu, Hawaii*, No. 08-

26   0523, 2014 WL 279598, at *4–5 (D. Haw. Jan. 23, 2014) (citing *Ghazali v. Moran*, 46 F.3d 52,

[1] Mail sent to one of these addresses, located in Oakland, was returned as undeliverable.

2

1    53–54 (9th Cir. 1995)); *U.S. Currency in the Amount of Six Hundred Thousand Three Hundred*

2    *and Forty One Dollars and No Cents*, 240 F.R.D. 59, 63–64 (E.D.N.Y. 2007).

3         Before any dismissal, courts must consider the following five factors articulated in

4    *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986), before dismissing an in rem

5    claimant: (1) the public's interest in expeditious resolution of the action; (2) the court's need to

6    manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring the

7    disposition of cases on their merits; and (5) the availability of less drastic alternatives.

8         The court finds the *Henderson* factors favor dismissal of Richardson's claim.  The first

9    factor always weighs in favor of dismissal.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th

10    Cir. 2002).  This case is not an exception as Richardson's extended failure to update his address

11    with the court has delayed the expeditious resolution of the litigation.  Similarly, the second factor

12    weighs in favor of dismissal as Richardson's failure to update his address has caused the court to

13    re-serve its orders upon multiple addresses and "it is incumbent upon the court to manage its

14    docket without being subject to the routine noncompliance of litigants." *Id.*  The court finds the

15    "risk of prejudice" factor weighs in favor of dismissal as well as Richardson's noncompliance has

16    impeded the government's ability to serve interrogatories upon Richardson and obtain other

17    discovery that would ultimately facilitate a resolution of this case.  *See Malone v. U.S. Postal*

18    *Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (other parties are prejudiced when claimant's actions

19    "impair the . . . ability to go to trial or threaten to interfere with the rightful decision of the case").

20    The fourth factor nearly always weighs against dismissal and this case is no exception.

21    Dismissing Richardson as a claimant deprives the public of an opportunity to have his claim

22    adjudicated on the merits.  The fifth factor weighs in favor of dismissal as the court has been

23    patient in providing more than once the less drastic alternative of allowing time for Richardson to

24    comply with the court's orders by updating his address.  *See Yourish v. Cal. Amplifier*, 191 F.3d

25    983, 992 (9th Cir. 1999), *superseded by statute on other grounds as recognized in Ronconi v.*

26    *Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001) (requiring a court to offer a less drastic alternative

27    after a failure to abide by a court order before finding this factor favors dismissal).  Richardson

28    has had multiple opportunities to update his address over the course of approximately nine

1  months and he has not done so.  At this point, it appears he has abandoned his claim.  As the court

2  cannot force Richardson to take action, dismissal is appropriate.

3         Because four of the five *Henderson* factors weigh in favor of dismissal, the court exercises

4  its inherent powers to **dismiss Richardson's claim with prejudice**.

5         IT IS SO ORDERED.

6  DATED: August 14, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE